FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 10 2006 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MARCELO ATIENCIA,

        Plaintiff,                        05 CV 3448 (SJ)

  - against -

                                       **ORDER**

BOVIS LEND LEASE LMB, INC.,
SILVERSTEIN PROPERTIES, INC., TULLY
CONSTRUCTION CO., INC., GRACE
CONSTRUCTION & DEVELOPMENT CORP.,
AMEC CONSTRUCTION MANAGEMENT, INC.,
TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, NOVA ELECTRIC &
ELECTRICAL MAINTENANCE CORP., NOVA
ELECTRIC CORP., NOVA STAR ELECTRIC
CORP., NOVA ELECTRIC DIV., VERIZON NEW
YORK, INC., and NEW YORK TELEPHONE
REALTY CORP.,

        Defendants.
-------------------------------------------------X

APPEARANCES:

BURNS & HARRIS
217 Broadway, Suite 308
New York, NY 10007
By:   Seth A. Harris, Esq.
Attorney for Plaintiff

MALPERO & PRISCO LLP
485 Fifth Avenue
New York, NY 10017
By:   Francesca E. Connolly, Esq.
Attorney for Discontinued Defendants

CULLEN & DYKMAN LLP
177 Montague Street
Brooklyn, NY 11201

P-049

By: Kevin Walsh, Esq.
Attorney for Remaining Defendants

JOHNSON, Senior District Judge:

On July 21, 2005, the above-captioned action was removed from the Supreme Court of New York, County of Kings (the "State Court") to this Court, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, § 401 et seq., 115 Stat. 230 (2001). In this case, Marcelo Atiencia ("Plaintiff") asserts both federal and state law claims,[1] which result from, relate to, and arise out of the terrorist-related aircraft crashes of September 11, 2001, against Bovis Lend Lease LMB, Inc., Silverstein Properties, Inc., Tully Construction Co., Inc., Grace Construction & Development Corp., Amec Construction Management, Inc., Tishman Construction Corporation of New York, Nova Electric & Electrical Maintenance Corp., and Nova Electric Div. (collectively, the "Discontinued Defendants"), and Verizon New York, Inc. and New York Telephone Realty Corp. (collectively, the "Remaining Defendants").

On February 4, 2006, the Court issued, upon the parties' request, a Partial Stipulation of Discontinuance (the "Stipulation") as to the Discontinued Defendants. After the Stipulation was entered, Plaintiff submitted a letter to the Court, dated March

---

[1] This Court retained jurisdiction over the state law claims included in Plaintiff's complaint after the case was removed from the State Court because, under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims linked to a claim based on federal law.

2

24, 2006, requesting that this matter be remanded to the State Court because only New York state labor law claims remain against the Remaining Defendants.

This Court may decline to exercise supplemental jurisdiction over the state labor law claims remaining in this case, see 28 U.S.C. § 1367(c)(3), and remand these supplemental claims to the State Court "upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). Following the guidance of 28 U.S.C. § 1367(c)(3) and Carnegie-Mellon, the Court finds that, because this case now involves only claims grounded in state law, remanding it to the State Court is indeed appropriate and will promote the comity interest that informs the doctrine of supplemental jurisdiction. See id. at 351.

## CONCLUSION

For the reasons provided herein, it is hereby ORDERED that this action be remanded to the Supreme Court of New York, County of Kings for further action. The Clerk of Court is hereby ordered to close this case.

SO ORDERED.

Dated: April 5, 2006
Brooklyn, New York

s/SJ
Senior U.S.D.J.

3